**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6061

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ROSHAUN REID,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

Submitted:  April 20, 2023                           Decided:  April 25, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid has noted an appeal from the district court's order dismissing his motion for an evidentiary or resentencing hearing (the hearing motion) and his motion challenging the sentence imposed for his conviction on count 1 (the sentence challenge motion). We dismiss the appeal in part and affirm in part.

The sentence challenge motion and portions of the hearing motion challenged the validity of Reid's sentence, and we conclude they were in substance a successive 28 U.S.C. § 2255 motion. As to this motion and portions, the district court's dismissal order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that his motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Reid has not made the requisite showing. The sentence challenge motion and portions of the hearing motion should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.

2

2003).  In the absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Reid's successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

As to the district court's dismissal of the remainder of the hearing motion, we have reviewed the record and find no reversible error.  The remainder of the hearing motion challenged as erroneous Reid's failure to be brought back to the district court for a hearing after this court vacated the district court's order denying his motion under § 404(b) of the First Step Act of 2018 (FSA 2018) for a sentence reduction, *see United States v. Reid*, 823 F. App'x 223, 224 (4th Cir. 2020) (No. 19-7803) (concluding that Reid was eligible to receive sentence reduction under FSA 2018, vacating order denying § 404(b) motion, and remanding for further proceedings).  The opinion in *Reid*, however, did not require that Reid be brought back into court for a hearing.  Accordingly, we affirm the district court's dismissal order in part.  *United States v. Reid*, No. 0:04-cr-00353-CMC-1 (D.S.C. Jan. 5, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3